# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E. 42nd Street, Suite 4510   Telephone: (212) 317-1200
New York, New York 10165   Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

August 15, 2019

**VIA ECF**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Martinez Alvarez v. Taco Hut Broadway Inc.</u> et al.
              18-cv-6429 (VEC)

Your Honor,

      This firm represents the Plaintiff Fidel Martinez Alvarez in the above-referenced matter. Plaintiffs write in response to Your Honor's Order dated July 10, 2019 (Dkt. No. 51) to provide information concerning the fairness of the settlement in this action. The settlement is annexed as Exhibit A.

      **A. Background and Potential Damages**

      The parties agreed to settle for the total amount of $15,000 paid by Defendants, with $5,000 to be paid immediately upon execution of the agreement, and the remainder to be paid out in 20 monthly installments of $500 each.

      Martinez claimed he worked from November 2013 to June 29, 2018, working 72 to 78 hours per week, and was paid $360 per week. As such, Martinez was not paid at the minimum wage rate, nor was he paid the overtime premium.

      Defendants produced documents which, while not fully compliant with the FLSA and NYLL, appeared reliable on their face, and would demonstrate that Martinez did not begin his employment until February 2015 and regularly worked approximately 53 hours per week.

August 15, 2019
Page 2

A chart calculating Plaintiff's potential damages in this matter in the event that Defendants' records are credited is attached hereto as Exhibit B.  As set out therein, Martinez would be owed approximately $43,000 in unpaid minimum and overtime wages, and a total of nearly $120,000, exclusive of attorneys' fees.

The Defendants also had limited ability to pay a settlement, and it would have been difficult to enforce a large judgment against Defendants and collect it in full.  Even if Plaintiff were to obtain a judgment for the full amount of his claimed damages, it is not clear that he would have been able to collect the full amount, and any partial collection would have been time-consuming.  Specifically, Defendants closed their business in approximately October 2018, and testified that they are currently unemployed.  The proposed settlement represents a reasonable compromise between the strength of Plaintiffs' claims and Defendants' financial situation.

Considering the risks in this case outlined above, discussed *supra*, Plaintiff believes that this settlement is an excellent result for the Plaintiff, and it should be approved as a fair settlement.  *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

The parties note that the settlement was reached at a mediation held just one week before trial was scheduled to begin, and after complete discovery.  This shows that the settlement was the result of an adversarial negotiation, and is an indication that the parties settled at the maximum amount that Defendants could possibly agree to pay.

August 15, 2019
Page 3

### B. Attorneys' Fees

Under the settlement, and in accordance with their retainer agreements with the Plaintiff, Plaintiff's counsel will receive $6,150.00 from the settlement fund as attorneys' fees and costs. This represents costs and one third of the settlement fund after costs of $1,768.15 are deducted. Plaintiff's fees and costs to date, in the form of the Firm's standard billing sheet, are included herein as Exhibit C.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing plaintiffs in the New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low time and expense. A brief biography of each attorney who performed billed work in this matter is as follows:

> a. Michael Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at

Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. The billing sheet reflects Faillace's time with the initials "MF" and is billed at the rate of $450 per hour.

b. Joshua Androphy is senior attorney at Michael Faillace & Associates, P.C., and is regularly billed at an hourly rate of $400.00. This is his standard rate for matters on which I am paid at an hourly rate. Androphy graduated from Columbia University School of Law in 2005, where he was a Harlan Fiske Stone Scholar and Managing Editor of the Columbia Journal of Law and Social Problems. Following law school, Androphy developed a broad background in litigation at Olshan Frome Wolosky LLP, where he practiced complex commercial litigation, employment litigation, securities litigation and contract litigation for seven years. Since joining Michael Faillace & Associates, P.C. in 2012, Androphy has been responsible for litigating all aspects of employment claims in state and federal court. Androphy was named a Super Lawyers Rising Star in 2014, 2015, 2016, 2017, and 2018. Androphy's billing rate of $400 per hour is reflected in Exhibit C with the initials "JA."

      c. Work performed by paralegals is billed at the rate of $100 per hour and reflected by the initials "PL."

As set out in Exhibit C, Plaintiff's attorneys incurred actual costs of $1,768.15, and in addition billed the amount of $13,055.00 in attorneys' fees. This considerably exceeds the amount Plaintiff's attorneys will eventually recover under the settlement agreement. Accordingly, the allocation of the $6,150.00 of the settlement payment as costs and fees is fair.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Joshua S. Androphy
Joshua S. Androphy
MICHAEL FAILLACE & ASSOCIATES, P.C.
Attorneys for the Plaintiff

Enclosure